### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 3:24-cr-32 (VAB) |
| CHRISTOPHER MILES. | |

### RULING AND ORDER ON MOTION TO DISMISS

Christopher Miles ("Defendant") has been charged in a one-count indictment charging him with unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(l). *See* Indictment, ECF No. 1 (Feb. 6, 2024) ("Indictment").

Mr. Miles has moved to dismiss the indictment and alleges that Section 922(g)(1) is unconstitutional in light of the Supreme Court's holding in *New York Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Mot. to Dismiss, ECF No. 22 (Jul. 10, 2024) ("Mot.").

For the following reasons, the motion to dismiss the indictment is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.  Factual Background

On September 13, 2023, a restaurant employee allegedly discovered a firearm in a men's restroom. Mot. at 1. Mr. Miles allegedly had been a customer at the restaurant, had visited the restroom, and had left the firearm there. *Id.*

Mr. Miles allegedly had previous felony convictions for first-degree assault in violation of Connecticut General Statutes § 53a-59, possession with intent to distribute narcotics, in violation of Connecticut General Statutes § 2la-278(b), and sale of a narcotic substance, in violation of Connecticut General Statutes § 2la-277(a)(l)(A). Indictment ¶ 1. He was charged with violating Section 922(g)(1), which makes it unlawful for a felon to possess a firearm. *Id.*

### B. Procedural Background

On February 6, 2024, a grand jury returned an indictment charging Mr. Miles with unlawful possession of a firearm by a felon. *See* Indictment.

On July 10, 2024, Mr. Miles filed his motion to dismiss the indictment. Mot.

On July 24, 2024, the Government submitted its opposition to the motion to dismiss the indictment. Mem. in Opposition, ECF No. 23 ("Opp'n")

On August 9, 2024, Mr. Miles submitted a reply. Reply, ECF No. 26 ("Reply")

On August 19, 2024, the Government filed a sur-reply. Sur-Reply, ECF No. 29 ("Sur-Reply")

## II.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) permits defendants to raise by pretrial motion "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *United States v. Sampson*, 898 F.3d 270, 278–79 (2d Cir. 2018). "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d). "But when such a defense raises dispositive evidentiary questions, a district court must defer resolving those questions until trial." *Sampson*, 898 F.3d at 279 (internal quotation marks omitted).

## III.  DISCUSSION

The Second Amendment of the United States Constitution states that:

> A well regulated Milita, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

Mr. Miles moves to dismiss the Indictment, which charges him with violating 18 U.S.C. § 922(g)(1) and 924(a)(8), and argues that Section 922(g)(1) violates the Second Amendment after

the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*"). Mot. Specifically, he argues that "[t]he record contains no evidence that any alleged possession by Defendant Miles was for any purpose other than carry for self defense" and thus the statute is unconstitutional as-applied to him. *Id.* at 2.

In response, the Government argues that the Supreme Court's holdings allow prohibiting firearm possession for felons, and allowing as-applied challenges to Section 922(g) would "distort the separation of powers," "treat the right to possess arms differently from other rights that criminals forfeit upon conviction," and "creat[e] . . . a body of law that, . . ., would be complex to apply and prone to inconsistent results." Opp'n at 4–6. Finally, the Government argues that Mr. Miles's as-applied challenge fails because he "provides no analysis of the facts to demonstrate that he possessed the firearm because he was under threat or that there were exigent circumstances justifying a reasonable belief that he needed the firearm to protect himself," and "makes no distinct arguments about his prior convictions that support an as-applied challenge[.]" *Id*. at 7

In reply, Mr. Miles asserts that he does not "argue that the nature of his felonies serves as the basis for his challenge to the statute." Reply at 1. He argues that under the framework established in *Bruen*, his "conduct - carrying a handgun and nothing more - is presumptively protected by the Second Amendment's 'unqualified command.'" *Id.* at 2. He argues that the Government has failed to meet its burden in establishing that "the intrusion [on his Second Amendment right] is consistent with this Nation's historical tradition of firearm regulation." *Id.* He also argues that "a citizen with a Second Amendment right to carry a firearm should not be required to prove 'exigent' circumstances or a specialized need for self-defense." *Id.* at 4. Finally, Mr. Miles contends that Section 922(g) is unconstitutional on its face.

3

In its sur-reply, the Government argues that the Second Circuit's holding in *Bogle* remains binding even after *Bruen*, and under *Bogle*, Section 922(g) is constitutional. Sur-Reply at 2–4. The Government further argues that "felon disarmament statutes are consistent with the Second Amendment's text as well as the nation's historical tradition of firearm regulation." *Id.* at 9; *see also id*. at 12–23 (detailing historical limitations on right to bear arms for individuals convicted of certain crimes from 17th century English law through the ratification of the Second Amendment).

The Court agrees.

In *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam), the Second Circuit "join[ed] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." *Id*. at 281–82. In doing so, the Second Circuit stated that even in the "recent Supreme Court opinions developing a more expansive interpretation" of the Second Amendment, the Supreme Court emphasized that those recent developments "should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" *Id*. at 281 (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("*Heller*"); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("*McDonald*")).

In *Bruen*, the Supreme Court rejected the approach then used to analyze Second Amendment challenges, means-end scrutiny, and held that: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24; *see also id.* at 19–24. "The *Bruen* majority . . . [however] repeatedly referred to the Second Amendment's protections as extending to 'law-abiding' citizens—*not* felons." *United States v. Dancy*, 744 F. Supp. 3d 165, 168 (D. Conn. 2024) (citing *Bruen*, 597 U.S. at 9, 15, 26, 29–31, 38, 60, 70–71) (emphasis in original).

4

"Although the Second Circuit's decision in *Bogle* preceded the Supreme Court's decision in *Bruen*, numerous courts have concluded that the *Bruen* did not abrogate or overrule *Bogle*." *United States v. Lane*, No. 5:22-CR-132, 2023 WL 5614798, at *6 (D. Vt. Aug. 24, 2023) (collecting cases); *see also Dancy*, 744 F. Supp. 3d at 168 n.2 (collecting cases); *United States v. Carter*, No. 3:23-CR-00074, 2024 WL 3785366, at *5 (D. Conn. Aug. 13, 2024); *United States v. Gary*, No. 3:22-CR-116 (SRU), 2024 WL 4025287, at *2 (D. Conn. Sept. 3, 2024); *United States v. Gumbs*, No. 3:23-CR-62-2 (OAW), 2024 WL 4433413, at *3 (D. Conn. Oct. 7, 2024); *United States v. Sturdivant*, No. 3:24-CR-65 (SRU), 2025 WL 42538, at *1 (D. Conn. Jan. 7, 2025); *see also* Sur-Reply at 6–10, 6 n.3 (contending that "over 200 district court decisions from throughout the Nation . . . rejected post-*Bruen* constitutional challenges to § 922(g)(1)" and collecting cases).

First, "*Bogle* did not employ the 'means-end' test for scrutinizing gun regulations that *Bruen* specifically overturned." *United States v. Golston*, No. 23-CR-362 (AT), 2024 WL 149603, at *5 (S.D.N.Y. Jan. 12, 2024) (citation omitted); *see also United States v. Fayton*, No. 1:23-CR-00001 (JLR), 2023 WL 8275924, at *4 (S.D.N.Y. Nov. 30, 2023) ("Significantly, *Bogle* did not employ the means-end scrutiny disapproved by *Bruen*. This is in contrast to other circuits that did rely on means-end scrutiny in their pre-*Bruen* decisions upholding the constitutionality of Section 922(g)(1).").

Second, in *Bogle*, the Second Circuit directly relied on *Heller* and *McDonald* and their assurances of the constitutionality of "longstanding prohibitions on the possession of firearms by felons." *Bogle*, 717 F. 3d at 281 (quoting *Heller*, 554 U.S. at 626). Neither *Heller* nor *McDonald* were disturbed by the Supreme Court's decision in *Bruen*. Indeed, *Bruen* reaffirmed both cases and the principle "that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 597 U.S. at 8–9;

5

*see also United States v. Craft*, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *3 (S.D.N.Y. Sept. 25, 2023) ("*Bogle* remains controlling precedent in this Circuit, given that it relied on *Heller* and *McDonald*, cases that were later reaffirmed by *Bruen*."); *United States v. Barnes*, No. 22-CR-43 (JPO), 2023 WL 2268129, at *1 (S.D.N.Y. Feb. 28, 2023) ("Throughout the *Bruen* opinion, the Court made clear that the concept of self-defense framed in *Heller*, *McDonald*, and *Bruen* applies to 'ordinary, law-abiding citizens.' . . . For its part, the Second Circuit has upheld § 922(g)(1) in light of *Heller* and *McDonald*. . . Because *Bruen* did not disturb either of those two precedents, the Second Circuit's holding in *Bogle* continues to govern this issue." (citing *Bogle*, 717 F.3d at 281–82)). Thus, *Bruen* did not abrogate *Bogle*. *See, e.g.*, *Fayton*, 2023 WL 8275924, at *5 ("[N]othing in *Bruen* is conflicting, incompatible, or inconsistent with anything in *Bogle*.").

As a result, Section 922(g)(1) continues to be constitutional under *Bogle*, and thus is not unconstitutional on its face. *See Sturdivant*, 2025 WL 42538, at *3 ("Perhaps the Second Circuit will, in the future, reevaluate its decision in *Bogle*. . . . In the meantime, this Court remains bound under *Bogle* to hold that section 922(g)(1) is constitutional, and it is therefore unnecessary to engage in the historical analysis that *Bruen* commands to ascertain whether felon-in-possession laws unconstitutionally restrict individuals' right to bear arms."); *see also Dancy*, 744 F. Supp. 3d at 168 (concluding "*Bogle*'s holding remains binding" and "declin[ing] to engage in any further historical analysis that *Bruen* commands in order to ascertain whether felon-in-possession laws unconstitutionally restrict an individual's right to bear arms").[1]

---

[1] Even under the historical analysis required by *Bruen*, this Court would conclude, "like numerous other courts in this circuit, that § 922(g)(1) . . . 'is consistent with the Nation's historical tradition of firearm regulation.'" *Lane*, 2023 WL 5614798, at *7 (quoting *Bruen*, 597 U.S. at 24); *see id.* at *5 ("The historical antecedents enacting categorical bans are relevantly similar to § 922(g)(1) because, like § 922(g)(1), they restricted a citizen's right to possess a firearm on the ground that (in the legislature's judgment) certain groups of people were more likely to misuse firearms or use them for nefarious purposes, thereby presenting a danger to the community." (internal quotation marks, citation, and footnote omitted)).

Moreover, because Mr. Miles allegedly has been convicted of several felonies, *see* Indictment ¶ 1, which are crimes "punishable by imprisonment for a term exceeding one year," he fails to show that the statute is unconstitutional as-applied to him. 18 U.S.C. §§ 922(g)(l); *see United States v. Sternquist*, 692 F. Supp. 3d 19, 25–26 (E.D.N.Y. 2023) ("Defendant's challenge to the statute as applied 'also has no merit as she has multiple felony convictions, which are crimes punishable by imprisonment for a term exceeding one year that fall squarely within § 922(g)(1).'. . .As such, '§ 922(g)(1) is not unlawful as applied to her' either." (quoting *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022) (cleaned up)); *see also King*, 634 F. Supp. 3d at 83 ("Defendant's as-applied challenge also has no merit. Defendant has two felony convictions, both of which are crimes 'punishable by imprisonment for a term exceeding one year,' . . . , and fall squarely within 18 U.S.C. Section 922(g)(1)."); *United States v. Gonzalez*, No. 1:23-CR-18-MKV, 2024 WL 96517, at *5 (S.D.N.Y. Jan. 9, 2024) ("Even if Section 922(g)(1) were amenable to an as-applied challenge, Gonzalez's motion is meritless. Gonzalez has at least two prior convictions for 'crime[s] punishable by imprisonment for a term exceeding one year,' *i.e.*, felonies, bringing his conduct squarely within the purview of the statute."); *see also Dancy*, 744 F. Supp. 3d at 168 (denying as-applied challenge to Section 922(g)(1)).

Accordingly, the motion to dismiss the Indictment is denied.

**IV.    CONCLUSION**

For the foregoing reasons, the motion to dismiss the Indictment is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 20th day of June, 2025.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE

7